*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT GARDNER WILD, JR.,

Defendant-Appellant.

UNPUBLISHED
May 12, 2026
10:21 AM

No. 365688
Grand Traverse Circuit Court
LC No. 2022-014084-FH

Before: MURRAY, P.J., and REDFORD and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of attempted malicious destruction of police property, MCL 750.377b, and drunk and disorderly person, MCL 750.167(1)(e). We affirm.

## I. BACKGROUND

Defendant was heavily intoxicated and stumbling outside of a business. An employee asked defendant to leave, but defendant refused, so the police were called. By the time police arrived, defendant was seated outside of the business with a cup of coffee. As captured by two body cam videos, the police attempted to speak with defendant, but defendant was incoherent and became "agitated." One officer attempted to retrieve defendant's identification from his pocket, but defendant began struggling with the officers in response, and he was arrested. While handcuffed and being taken to the police car, he went limp. Once in the police car, defendant kicked at the window of the car, and police had to restrain his legs.

At trial, defendant testified that his medical conditions caused his response to the police. Specifically, he testified that he had glaucoma in his left eye and that the first officer approached him from his left, so he at first did not know he was being approached by police. He also testified that he had had surgery that involved opening his chest in 2020, so when he was handcuffed, he was in extreme pain and could not control his responses. Although the jury convicted defendant of attempted malicious destruction of police property and of being a drunk and disorderly person, they acquitted him of two counts of assaulting, resisting, or obstructing a police officer.

-1-

Defendant now appeals, arguing that he is entitled to a new trial because his trial counsel was ineffective.

## II. ANALYSIS

"Generally, whether a defendant had the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012) (quotation marks and citation omitted). "This Court reviews findings of fact for clear error and questions of law de novo." *Id*.

The United States and Michigan constitutions entitle a criminal defendant to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Counsel is ineffective if "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023) (quotation marks and citation omitted). There is a reasonable probability that the outcome would have been different if the probability is sufficient to undermine confidence in the outcome. *Id*. "A reasonable probability need not rise to the level of making it more likely than not that the outcome would have been different." *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004). The burden is on the defendant to establish the factual predicate for an ineffective-assistance argument. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

The United States and Michigan constitutions also both protect individuals from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. The touchstone of this protection is reasonableness, which "is measured by examining the totality of the circumstances." *People v Williams*, 472 Mich 308, 314; 696 NW2d 636 (2005). "A brief, on-the-scene detention of an individual is not a violation of the Fourth Amendment as long as the officer can articulate a reasonable suspicion for the detention." *People v Pagano*, 507 Mich 26, 32; 967 NW2d 590 (2021) (quotation marks and citation omitted). "Whether an officer has reasonable and articulable suspicion to briefly detain an individual is a fact-specific inquiry that is determined on a case-by-case basis." *Id*. "A determination regarding whether a reasonable suspicion exists must be based on commonsense judgments and inferences about human behavior[,]" and "entails something more than an inchoate or unparticularized suspicion or 'hunch,' because an officer must have had a particularized and objective basis for the suspicion of criminal activity." *Id*. (quotation marks and citations omitted).

### A. LAWFULNESS OF POLICE ACTION

Defendant first argues that trial counsel was ineffective for failing to assert a defense of illegal police action. See *People v Moreno*, 491 Mich 38; 814 NW2d 624 (2012). Defendant's argument, however, is misplaced because the police conduct was not unlawful.

As noted, police were contacted because an employee of the business where defendant was arrested testified that defendant was intoxicated and would not leave the workplace. When police arrived, defendant was so intoxicated that they could not understand him. The report from the business that an intoxicated man needed to be removed from their premises, combined with police

observations of defendant's intoxication level, formed a sufficiently particularized and objective basis for reasonable suspicion that defendant had committed the offense of being a drunk and disorderly person, MCL 750.167. Accordingly, the temporary detainment of defendant was lawful, a defense that the detainment was unlawful would not have been successful, and trial counsel's performance did not fall below an objective standard of reasonableness for failing to raise such a defense. For this same reason, there was also no sound basis to submit the question of the lawfulness of police action to the jury.

## B. DEFENDANT'S MEDICAL RECORDS

Defendant next argues that trial counsel was ineffective for failing to have his medical records admitted into evidence. During trial, defense counsel attempted to admit defendant's medical records into evidence to support a theory that defendant's responses to the police were largely involuntary and a result of pain caused by his medical conditions. However, because no witness was present to authenticate the records, the court denied trial counsel's request to admit the records. Defendant testified on his own behalf about his medical status, and that his medical status caused him significant pain when placed on the ground, handcuffed, and led to the police car. He further testified that this pain caused him to kick at the window of the police car. His medical records would have corroborated his testimony about his medical conditions.

Ultimately, trial counsel's performance did not fall below an objective standard of reasonableness: trial counsel, with some success, elicited testimony from defendant that his reactions to the police were either involuntary pain responses or caused by his poor left side vision, and used this testimony to argue during closing that defendant was entitled to acquittal, which defendant in fact received on the two counts of assaulting, resisting, or obstructing a police officer. Defendant's medical records were unnecessary for this argument to succeed, so trial counsel was not ineffective.

Affirmed.

/s/ Christopher M. Murray
/s/ James Robert Redford
/s/ Michelle M. Rick

-3-